J-S05044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS BENJAMIN HOWARD | : | |
| | : | |
| Appellant | : | No. 164 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 8, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000323-2020

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 21, 2022**

Appellant Thomas Benjamin Howard appeals from the Judgment of Sentence entered after he pled *nolo contendere* to four sexual offenses committed against his fifteen-year-old stepdaughter between January 1, 2020 and July 12, 2020.  Appellant challenges the constitutionality of the lifetime registration requirement imposed pursuant to subchapter H of the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9744.14(d)(7),  9799.15(a)(3).  Appellant contends that the lifetime registration requirement violates the Eighth Amendment of the U.S. Constitution and Article I, Section 13 of the Pennsylvania Constitution as cruel and unusual punishment.  We affirm.

We need not reiterate the facts underlying Appellant's convictions.  On October 1, 2020, the court accepted Appellant's pleas of *nolo contendere* to four sexual offenses, including one count of Aggravated Indecent Assault-

Complainant less than 16 Years of Age, 18 Pa.C.S. § 3125(a)(8). The court ordered a pre-sentence investigation and an evaluation from the Sexual Offenders Assessment Board.

On January 8, 2021, the court found that Appellant is not a sexually violent predator, acknowledged its review of the pre-sentence investigation report, and sentenced him to an aggregate term of 42-84 months' incarceration. The court informed Appellant at the sentencing hearing that the offense of Aggravated Indecent Assault is classified as a Tier III offense under SORNA, requiring Appellant to register with the state police as a sexual offender for his lifetime. Appellant did not object or otherwise present evidence or argument on the issue of lifetime registration. Appellant did not file a post-sentence motion.

Appellant filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Statement. The court filed a responsive Rule 1925(a) Opinion.

Appellant presents the following issue for our review:

> Does the Tier III, Lifetime registration requirement of the Defendant pursuant to the Sex Offender Registration and Notification Act (SORNA) constitute cruel and unusual punishment in violation of the Eighth amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution?

Appellant's Br. at 4.

As a first matter, we note that Appellant failed to assert his constitutional challenge to Subchapter H in a post-sentence motion. Instead,

he presented them for the first time in his Rule 1925(b) statement. While generally the failure to challenge the constitutionality of a collateral consequence before the trial court in the first instance would render it unpreserved for our review, our Supreme Court recently concluded that challenges to the constitutionality of Subchapter H under the Eighth Amendment of the U.S. Constitution can be raised for the first time on appeal. *See Commonwealth v. Thorne*, ___ A.3d ___, ___, 2022 WL 2231821, at *5 (Pa. filed June 22, 2022) (reversing determination of waiver and remanding).

Although we are constrained to find the issue preserved, we nonetheless conclude Appellant's issue as a challenge to the legality of his sentence fails. As noted above, sex offender registration requirements are properly characterized as collateral consequences of a conviction and their imposition, thus, does not implicate the legality of Appellant's sentence. *Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa. Super. 2018). Moreover, we presume a legislative act is constitutional, and will only find it unconstitutional if it "clearly, palpably, and plainly violate[s] the [C]onstitution." *Commonwealth v. Killinger*, 888 A.2d 592, 594 n.2 (Pa. 2005) (citation omitted). Revised Subchapter H's registration provisions have not been declared unconstitutional. *See Commonwealth v. Brooker*, 103 A.3d 325, 334 (Pa. Super. 2014) (reiterating that duly enacted legislation carries a strong presumption of constitutionality). *Cf*. *Commonwealth v. Torsilieri*, 232

A.3d 567, 572 (Pa. 2020) (vacating the finding that Subchapter H is unconstitutional and remanding for further proceedings).

Because Appellant's registration requirements are considered a constitutional, non-punitive, collateral consequence of his conviction, Appellant's claim, presented only as a challenge to the legality of his sentence, fails.

Judgment of sentence affirmed.

President Judge Panella joins the memorandum.

Judge Stabile concurs in result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2022